# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Organizational Defendants) |
| v. | CASE NUMBER: 11-mj-01122-CBS-01 |
| TEMPEL GRAIN ELEVATORS, LLP | John Richilano, Retained<br>(Defendant Organization's Attorney) |
| | Jaime A. Pena<br>(Assistant United States Attorney) |

**THE DEFENDANT ORGANIZATION:** Pleaded guilty to count 1 of the Information.

**ACCORDINGLY,** the court has adjudicated that the organizational defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 29 U.S.C. § 666, and 18 U.S.C. § 2 | Violation of OSHA Regulations Resulting in Death, and Aiding and Abetting | 05/29/2009 | 1 |

The defendant organization is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant organization shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States Attorney of any material change in the organization's economic circumstances.

Defendant Organization's Federal
Employer I.D.: 84-1462557

Defendant Organization's Business Address:
  Tempel Grain Elevators, LLP
  100 Main Street
  Wiley, Colorado 81092

Defendant Organization's Mailing Address:
  P.O. Box 36
  Wiley, Colorado 81092

August 8, 2011
Date of Imposition of Judgment

*Boyd N. Boland* (signature)
Signature of Judicial Officer

Boyd N. Boland, U.S. Magistrate Judge
Name & Title of Judicial Officer

August 16, 2011
Date

DEFENDANT: TEMPEL GRAIN ELEVATORS, LLP
CASE NUMBER: 11-mj-01122-CBS-01                                       Judgment-Page 2 of 4

## PROBATION

The defendant organization is hereby placed on probation for a term of five (5) years.

The defendant organization shall not commit another federal, state, or local crime.

The defendant organization shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant organization shall also comply with the additional conditions set forth below.

## STANDARD CONDITIONS OF SUPERVISION

1) Within 30 days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer.
2) The defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
3) The defendant organization shall notify the probation officer at least ten days prior to any change in principal business or mailing address.
4) The defendant organization shall permit a probation officer to visit the organization at any of its operating business sites.
5) The defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant organization shall not willfully violate the law, including applicable OSHA regulations.
2) The defendant organization shall not employ persons under the age of 18 to work at its grain elevator sites.
3) The defendant organization shall provide new employees safety training as required by OSHA regulations.
4) The defendant organization shall provide refresher safety training to its employees biannually in addition to its obligations under the applicable OSHA regulations.
5) The defendant organization shall develop a procedure that includes harnesses and lanyards or similar safety equipment in anticipation of bin entry at any/all grain elevators which it owns or where its employees are working.

DEFENDANT: TEMPEL GRAIN ELEVATORS, LLP
CASE NUMBER: 11-mj-01122-CBS-01                                                                 Judgment-Page 3 of 4

## MONETARY OBLIGATIONS

As special conditions of probation, the defendant organization shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

The defendant organization shall pay $50,000 in fines and penalties to OSHA as a settlement of administrative fines and penalties assessed against the defendant in OSHRC Docket Nos. 10-1031 and 10-1032. The defendant shall comply with all other provisions of a separate administrative agreement in OSHRC Docket Nos. 10-1301 and 10-1302.

Tempel Grain Elevators, LLP, shall immediately tender the sum of $430,000 in good funds to MetLife Tower Resources Group, Inc., for the purpose of purchasing a "qualified funding asset" within the meaning of Section 130(d) of the Internal Revenue Code of 1986, as amended. The "qualified funding asset" shall be in the form of annuity contracts issued by Metropolitan Life Insurance Company, pursuant to the terms and conditions as stated in the attached Uniform Qualified Assignment, incorporated herein by reference. The annuity contracts are to benefit the health, welfare and education of the persons/victims/heirs, recognizing these funds are designated as personal injury damages for tax purposes, in the initial amounts stated below.

| Heir/Beneficiary | Relationship | Amount Ordered |
|---|---|---|
| Verontka Rigsby | Mother | $330,000.00 |
| James Miller | Brother | $25,000.00 |
| Makayla Miller | Sister | $25,000.00 |
| Cassidy Miller | Sister | $25,000.00 |
| Caleb Rigsby | Sister | $25,000.00 |
| **TOTALS** | | $430,000.00 |

(See attached Uniform Qualified Assignment with Addendum No. 1 - Description of Periodic Payments for payment schedule.)

Additionally, the defendant organization shall tender the sum of $70,000 in good funds to Verontka Rigsby, recognizing these funds are also designated as personal injury for tax purposes. **The total funds tendered is $500,000.**

### Special Assessment

| Count | Assessment |
|---|---|
| 1 | $10.00 |
| **TOTAL** | $10.00 |

DEFENDANT: TEMPEL GRAIN ELEVATORS, LLP
CASE NUMBER: 11-mj-01122-CBS-01                                                              Judgment-Page 4 of 4

## SCHEDULE OF PAYMENTS

Having assessed the defendant organization's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment shall be payable immediately to the clerk of the court.

Upon delivery of the funds to MetLife Tower Resources, Inc., described above, the defendant organization will receive an acceptable release from civil liability from Verontka Rigsby.

The defendant organization shall receive credit for all payments previously made toward any monetary obligations imposed to date.